**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **Case No. CR-23-331-JD** |
| | ) | |
| **LAMMON RUSSELL BLONNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR ORDER FINDING THAT DEFENDANT HAS WAIVED ATTORNEY-CLIENT PRIVILEGE**

Defendant has filed a 28 U.S.C. § 2255 motion alleging he was denied effective assistance of counsel in connection with his guilty plea. Doc. 95. This Court ordered the Government to respond to Defendant's motion. Doc. 97. Although Defendant's allegations waive attorney-client privilege, his counsels, Michael Johnson and Kylie Johnston, request a Court Order before disclosing by affidavit any communications relevant to Defendant's motion.

For the following reasons, the Government respectfully requests that this Court find Defendant has waived his attorney-client privilege as to communications related to his allegations and instruct Defendant's counsel to provide the Government with evidence related to those communications, including an affidavit, so that it can reasonably respond to Defendant's motion.

## BRIEF STATEMENT OF FACTS

On August 16, 2023, a federal grand jury returned an eight-count indictment against the Defendant and one co-defendant. Doc. 16. The indictment charged Defendant with engaging in a drug conspiracy (Count 1); possession of methamphetamine with intent to distribute (Count 2); possession of cocaine with intent to distribute (Count 3); possession of fentanyl with intent to distribute (Count 4) possession of a firearm in furtherance of a drug-trafficking crime (Count 5); being a felon in possession of a firearm (Count 6); maintaining a drug involved premises (Count 7); and possession of methamphetamine with intent to distribute where a minor is present (Count 8). *Id.*

On October 5, 2023, Defendant pled guilty to Count 1 and Count 6 of the indictment, pursuant to a plea agreement (Doc. 40). *See* Doc. 38 (Minute Entry). Count 1 carried a penalty of not less than ten (10) and not more than life imprisonment, a $10,000,000.00 fine, or both, not less than five (5) years and up to life of supervised release, and a $100.00 special assessment. Count 6 carried a maximum penalty of fifteen (15) years of imprisonment, a $250,000.00 fine, or both, not more than three (3) years of supervised release, and a $100.00 special assessment. Defendant also agreed to forfeit the assets listed in the indictment.

On July 18, 2024, Defendant was sentenced to a term of incarceration of

300 months as to Count 1 and 180 months as to Count 6. Doc. 73. This Court ordered that the sentences run concurrently to each other. *Id.*

On February 10, 2026, Defendant filed a motion to vacate the sentence under 28 U.S.C. § 2255. Doc. 95. In his motion, Defendant alleges he received ineffective assistance from his counsels, Michael Johnson and Kylie Johnston.

This Court has ordered the Government to respond to Defendant's motion. Doc. 97. In preparing the Government's response, counsel for the United States has reached out to counsels to discuss the defendant's claims and obtain affidavits in regard to the Defendant's allegations. Both Mr. Johnson and Ms. Johnston require a court order to confirm attorney-client privilege is waived prior to responding.

## DISCUSSION

When a defendant seeks post-conviction relief claiming he received ineffective assistance of counsel, "he places communication between himself and his attorney directly in controversy and thus by implication waives the attorney-client privilege with respect to those communications." *United States v. Pinson*, 584 F.3d 972, 977–78 (10th Cir. 2009). That such defendants waive attorney-client privilege is widely recognized. *See Johnson v. Alabama*, 256 F. 3d 1156, 1178 (11th Cir. 2011) (holding § 2255 movant waives attorney-client privilege); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974)

("[Attorney-client] privilege is waived when client attacks his attorney's competence in giving legal advice."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) (holding petitioner waives privilege as to all communications relevant to attorney's alleged breach of duty).

In addition, the ethical rules permit attorneys to disclose privileged communications "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Model R. Prof'l Conduct 1.6(b)(5); LCvR 83.6(b) (adopting Oklahoma Rules of Professional Conduct to govern ethics in the Western District of Oklahoma).

In his motion for post-conviction relief, Defendant alleges his attorneys committed certain acts and omissions that rendered them ineffective. As a result, Defendant has put his communications with defense counsels in controversy and thereby waived attorney-client privilege with respect to these allegations. The Government requires Mr. Johnson's and Ms. Johnston's assistance to adequately respond to Defendant's stated grounds for relief. Moreover, the factual information they will provide will assist the Court in evaluating Defendant's claims.

## CONCLUSION

For these reasons, the Government respectfully requests that this Court find that Defendant has waived his attorney-client privilege as to communications relevant to his allegations and instruct Mr. Johnson and Ms.

Johnston to provide the Government with the evidence, including an affidavit, necessary to abide by this Court's Order.

ROBERT J. TROESTER
United States Attorney

s/ Elizabeth M. Bagwell
ELIZABETH M. BAGWELL (DC 1780082)
Assistant United States Attorney
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (telephone)
(405) 553-8777 (fax)
Elizabeth.Bagwell@usdoj.gov

## CERTIFICATE OF SERVICE / MAILING

I hereby certify that on February 19, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants of record in this case.

I hereby certify that on February 19, 2026, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Lammon Russell Blonner #69388-510
FCI Williamsburg
Federal Detention Center
P.O. Box 340
Salters, SC 29590

s/ Elizabeth M. Bagwell
ELIZABETH M. BAGWELL
Assistant United States Attorney